UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MKW (XXX-XX-3343)                    CIVIL ACTION NO. 11-cv-0640

VERSUS                               JUDGE HICKS

U.S. COMMISSIONER, SOCIAL            MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**REPORT AND RECOMMENDATION**

**Introduction**

MKW ("Plaintiff") was born in 1956. He has a high school education and work experience as a truck driver. He applied for disability benefits based on a variety of health ailments. ALJ Ramona Scales conducted a hearing and issued a written decision in which she found that Plaintiff was not disabled. The Appeals Council denied a request for review.

Plaintiff filed this civil action to seek judicial review. His principal argument is that the ALJ improperly based her assessment of Plaintiff's residual functional capacity ("RFC") on the ALJ's own medical judgment. For the reasons that follow, it is recommended that the agency decision be affirmed.

**Summary of the ALJ's Decision**

The ALJ analyzed the claim pursuant to the five-step sequential analysis set forth in 20 C.F.R. § 404.1520 (governing claims for disability insurance benefits) and § 416.920 (parallel regulations governing claims for Supplemental Security Income) and described in

Barnhart v. Thomas, 124 S.Ct. 376, 379-80 (2003). See also Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005).

She found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged April 17, 2009 onset of disability. She found at step two that Plaintiff had the following severe impairments: disorders of the back, diabetes, peripheral neuropathy, hypertension, coronary artery disease, and obesity. The ALJ rejected claims of severe impairments stemming from lymphoma (no diagnosis), emphysema and COPD (no evidence of current breathing disorders), and depression (no evidence of current counseling). She found at step three that the recognized severe impairments did not meet or medically equal a listed impairment, which would require a finding of disability without regard to the claimant's age, education, or work experience.

The ALJ assessed the medical evidence and testimony and determined that Plaintiff had the RFC to perform light work, subject to some additional limitations such as no more than the occasional ability to crouch, crawl, kneel, or climb, but never any climbing of ladders, ropes, or scaffolds, and no more than occasional exposure to hazards. The ALJ found at step four that this RFC did not allow Plaintiff to perform his past work as a truck driver, which was more demanding. She then heard testimony from a vocational expert ("VE"), who testified that a person with Plaintiff's RFC, age, and education could perform the demands of jobs such as limo driver and cashier II, several thousand of which exist in the national and Louisiana economies. The ALJ accepted that testimony and found at step five that Plaintiff was not disabled.

**Issue on Appeal**

Plaintiff argues on appeal that the ALJ improperly based her RFC assessment on her own medical judgment, and that her judgment is not warranted by the clinical findings in the record.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

Plaintiff's argument focuses on how the ALJ assessed Plaintiff's basic abilities to sit, stand, walk, lift and carry. The ALJ noted that Plaintiff had a history of back surgeries, in addition to a heart attack, diabetes, and other problems. Tr. 44. Plaintiff visited the LSU Health Science Center Pain Management Clinic in January 2009. Dr. Clifton Shepherd noted that Plaintiff injured his back in 1987 and had two or three lumbar surgeries afterward. His medication included methadone approximately four times a day. On physical examination, Dr. Shepherd noted that Plaintiff sat and stood in a position he would expect to increase

rather than decrease pain. Plaintiff walked without a limp in that same flexed position. He refused to attempt to toe walk or heel walk, and he made no effort when asked to straighten his back into an extended position. Dr. Shepherd performed sitting and supine straight-leg raise tests. Waddell's test (which may indicate malingering or a psychological component to pain) was positive at 5/5. Dr. Shepherd wrote: "There is a severe inconsistency between sitting and supine straight-leg raising and a great deal of moaning and groaning and crying throughout the examination." He discontinued the methadone and prescribed Lortab for the next month, with a reduced dosage in a second month, and a discharge afterward. Tr. 173-74.

Dr. Sean Denham conducted a consultative evaluation in May 2009. Plaintiff reported that he could no longer walk any significant distance or stand for any amount of time due to pain. The musculoskeletal examination was positive for pain in the low back, knee, shoulder, and neck. Plaintiff walked without assistance but became fatigued after only a few steps. There was not, however, any muscle atrophy, swelling, asymmetry, or the like. Plaintiff was observed to be unable to rise from a sitting position without assistance, and could not stand on his tiptoes or heels, or tandem walk without problems. He was unable to bend and squat without difficulty. But an X-ray of the spine showed only mild to moderate degenerative changes, normal joint spacing, good alignment, and no acute fractures or dislocations. Dr. Denham noted that he had "no medical records which give any evidence of a MI (medical impairment), but his physical exam findings/limitations were significant." Based on the examination, Dr. Denham said that he believed "the claimant is unable to sit, walk, and/or

stand for a full workday, lift/carry objects without limitations, due to significant functional impairment due to both pain and shortness of breath." Tr. 290-92.

A state agency examiner asked state agency physician Dr. Johnny Craig for advice on the case. The medical history, including that discussed above, was set forth. Dr. Craig wrote: "I am not sure this even merits a full light RFC, but with the previous laminectomy and the current chronic opiod used for pain control I would assess a full light with hazard restrictions." Tr. 198-200. The consultant then completed an RFC assessment form that made findings consistent with light work. Tr. 201-08.

The ALJ assessed all of this evidence, as well as the other medical evidence and Plaintiff's testimony. She found that the "medical records discussed above do not provide a basis for the level of severity alleged by the claimant." She noted the lack of evidence of muscle atrophy, spasms, neurological deficits, loss of range of motion in any joint or extremity, and the ability to ambulate without need of a cane. Plaintiff had demonstrated an abnormal gait at the time of his consultative examination, but his remaining medical records did not indicate any such problems. Tr. 45-46. The ALJ also noted that an agency claims representative who interviewed Plaintiff wrote: "He complained of all the pain he has, but during interview never displayed and sat in the same spot for over 15 minutes (no repositioning and no signs of distress). He also stated that he did not take his pain med so he could be alert here." Tr. 46, 149. The ALJ added the observation that Plaintiff was able to tend to his personal grooming, drive, and go out alone. She accepted that Plaintiff may

experience occasional pain, but he should be able to perform a reduced range of light work.[1] Tr. 46.

With respect to the opinion evidence, the ALJ wrote that she gave "little weight" to the opinion of the consultative examiner (Dr. Denham) because the record as a whole did not support such restrictive limitations in Plaintiff's ability to sit/stand/walk. She also afforded "limited weight" to the opinion of the state agency consultant, because evidence submitted at the hearing suggested greater limitations than determined by the state agency consultant. Tr. 46. Plaintiff argues that this means the ALJ's RFC is not based on any medical opinion as to physical limitations.

Determining a claimant's RFC is the ALJ's responsibility. Ripley v. Chater, 67 F.3d 552, 557 (5th Cir.1995). "The ALJ he has the authority and duty to weigh the evidence and reach any conclusion supported by substantial evidence." Gonzales v. Astrue, 231 Fed. Appx. 322, 324, (5th Cir. 2007). This includes the authority "to determine the credibility of medical experts as well as lay witnesses and to weigh their opinions and testimony accordingly." Moore v. Sullivan, 919 F.2d 901, 905 (5th Cir.1990), quoting Scott v. Heckler, 770 F.2d 482, 485 (5th Cir.1985).

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. §§ 404.1567(b) and 416.967(b). The full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time. Social Security Ruling 83-10.

The ALJ in this case carefully considered and weighed the credibility of the testimony as well as the weight of the competing opinions. She was well justified in affording little weight to the consultative examiner given the lack of objective medical history to support such extreme limitations, and the prior finding that Plaintiff had likely attempted to exaggerate his symptoms during a similar examination. She did not fully embrace the state agency findings, but reasonably found lesser abilities in consideration of medical records not known to the state agency consultant. Her resulting RFC for a reduced range of light work was something less than found by the state agency and reflected a greater limitation than the opinion of the consultative examiner. That her RFC does not line up squarely with one of the source opinions does not deprive it of substantial evidence. The ALJ is not confined to picking one opinion and adopting it. Like a trial judge or jury, she may weigh the competing opinions, take into consideration all of the other evidence of record, and make a finding that may not be exactly the same as the opinion of any one medical source. So long as her finding is supported by substantial evidence, it is not subject to reversal. See <u>French v. Commissioner</u>, 2009 WL 249709 (W.D. La. 2009). That is the case here, where the ALJ quite reasonably assessed the evidence of record.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision be affirmed and that Plaintiff's complaint be dismissed with prejudice.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of June, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE